# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Sanguigni,<br><br>          Plaintiff,<br><br>v.<br><br>E*Trade Securities, LLC,<br><br>          Defendant. | No. CV-14-02576-PHX-SRB<br><br>**AMENDED ORDER** |

The Court now considers Plaintiff's Amended Motion to Vacate Award and Motion to Compel Defendant's Performance ("MTV") (Doc. 9) and Defendant's Cross-Motion to Confirm Arbitration Award ("MTC") (Doc. 10).

**I.  BACKGROUND**

This case arises out of a dispute between Plaintiff Christopher Sanguigni and Defendant E*Trade Securities, LLC, an online discount brokerage firm, regarding Plaintiff's investment in Bancorp International Group, Inc. ("BCIT"). After a fraud was committed against BCIT shareholders in 2005, Depository Trust Company ("DTC"), a securities depository and clearing corporation, issued an alert to Defendant that it would cease processing any transactions in BCIT stock. (MTC at 3; Doc. 10-1, Ex. 2, DTC Special Alert.) Shortly after DTC issued its alert, the Securities and Exchange Commission ("SEC") suspended trading in BCIT. (MTC at 3; Doc. 10-1, Ex. 3, SEC Order of Suspension of Trading.) When Plaintiff had purchased his BCIT shares prior to the 2005 fraud, the shares were traded electronically and not by paper certificate. (MTV

at 2.) Following the DTC and SEC's actions concerning the trading of BCIT stock, Plaintiff requested that Defendant deliver a physical certificate for his shares; however, Defendant informed him that it was unable to do so due to the "global lock" imposed on BCIT's stock. (*Id.*; MTC at 4.)

Plaintiff then initiated the underlying arbitration proceeding against Defendant before the Financial Industry Regulatory Authority ("FINRA"), seeking an order compelling Defendant to deliver a physical certificate for his BCIT shares. (MTV at 2.) The parties agreed that the arbitration would be conducted in accordance with the FINRA Code of Arbitration Procedure ("FINRA Code"). (MTC at 4; Doc. 10-1 Ex. 6, FINRA Arbitration Submission Agreement.) In the arbitration, Defendant submitted a discovery request to Plaintiff. (Doc. 10-1, Ex. 8, Doc. Req.) Plaintiff objected to almost all of Defendant's discovery requests and refused to produce any of the requested documents. (Doc. 10-1, Ex. 10, Pl.'s Objections.) Defendant then sent Plaintiff a letter asking him to comply with its discovery requests, otherwise Defendant would file a motion to compel discovery. (Doc. 10-1, Ex. 11, July 3, 2014 Letter.) After Plaintiff still failed to submit the requested documents, Defendant filed a motion to compel discovery and the Arbitration Chairperson granted the motion. (Doc. 10-1, Ex. 15, Aug. 6, 2014 Order.) Plaintiff again failed to comply with Defendant's discovery request, so Defendant submitted a motion for sanctions. (Doc. 10-1, Ex. 17, Mot. for Sanctions.) The Arbitration Panel ("Panel") granted Defendant's motion for sanctions, finding that Plaintiff had "failed to comply with the discovery provisions of the Code, frivolously objected to the production of documents and information requested by [Defendant], failed to comply with a discovery order of the Panel, and shown a disregard for the arbitration forum." (Doc. 10-1, Ex. 20, Arbitration Award at 2.) Under the FINRA Code, the Panel sanctioned Plaintiff by dismissing his claims with prejudice and assessing forum fees against him. (*Id.* at 2-5.) Plaintiff now moves to have the arbitration award vacated pursuant to Section 10 of the Federal Arbitration Act ("FAA"). (MTV at 11-15.)[1]

---

[1] Plaintiff also argues that he is entitled to relief pursuant to Federal Rule of Civil

- 2 -

## II. LEGAL STANDARDS AND ANALYSIS

Under the FAA, a court's "review of the actual award is 'both limited and highly deferential.'" *Schoenduve Corp. v. Lucent Technologies, Inc.*, 442 F.3d 727, 730 (9th Cir. 2006). "[A] court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in Sections 10 and 11." *Hall St. Assocs.*, 552 U.S. at 582 (quoting 9 U.S.C. § 9). Here, Plaintiff is requesting that the Court vacate the final arbitration award in favor of Defendant and therefore Plaintiff bears the burden of establishing grounds for vacatur. *U.S. Life Ins. Co. v. Superior Nat'l Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010) ("The burden of establishing grounds for vacating an arbitration award is on the party seeking it."). Section 10 of the FAA provides the sole grounds on which a court may vacate an arbitration award. *See Hall St. Assocs.*, 552 U.S. at 582-84; *U.S. Life Ins. Co.*, 591 F.3d at 1173. Courts will vacate an award only where there is evidence that it was (1) "procured by corruption, fraud, or undue means"; (2) "there was evident partiality or corruption in the arbitrators"; (3) "the arbitrators were guilty of misbehavior by which the rights of any party have been prejudiced"; or (4) "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10; *Coutee v. Barington Capital Grp.*, 336 F.3d 1128, 1132 n.4 (9th Cir. 2003).

Plaintiff first argues that the arbitration award should be vacated because "it was procured by fraud and undue means." (MTV at 12.) To vacate an arbitration award as procured by fraud, the party challenging the award must show the fraud was "(1) not discoverable upon the exercise of due diligence prior to the arbitration, (2) materially related to an issue in the arbitration, and (3) established by clear and convincing evidence." *Lafarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1339 (9th Cir. 1986). Plaintiff has failed to establish by clear and convincing

---

Procedure 60(b). (MTV at 9-11.) The Court does not address Plaintiff's arguments concerning Rule 60(b) because the award is not an "order" or "final judgment" of a federal court. *See* Fed. R. Civ. P. 60(b). Further, the Supreme Court has stated that the four grounds listed in Section 10 of the FAA are the "exclusive" grounds for vacating an arbitration award. *See Hall St. Assocs., LLC v. Mattel*, 552 U.S. 576, 584-86 (2008).

1  evidence that the award was procured by fraud. Plaintiff's only argument regarding fraud
2  is that "the irrational cancelation of the scheduled hearing suggest[s] the arbitrators were
3  subject to influence[,] which caused them to abandon their role as neutral decision
4  makers." (*Id.* (citing 9 U.S.C § 10(a)(1)-(2).)[2] Plaintiff has failed to present any evidence
5  to support his position that the Panel's ruling was "irrational," let alone that it was
6  procured by fraud. All of the proffered evidence demonstrates that Plaintiff failed to
7  comply with Defendant's requests for discovery, despite the Panel's express order to do
8  so. (*See* Exs. 8-17.) Plaintiff has not shown that the Panel's dismissal of Plaintiff's claim
9  with prejudice was irrational or fraudulent, as it was clearly within the Panel's authority
10 pursuant to the procedural rules governing Plaintiff's arbitration claim. (*See* Doc. 10-1,
11 Ex. 21, FINRA Code Section 12212 (stating that the Panel "may dismiss a claim . . . with
12 prejudice as a sanction for material and intentional failure to comply with an order of the
13 [P]anel if prior warnings or sanctions have proven ineffective").) The Court will therefore
14 deny Plaintiff's motion to vacate the arbitration award for fraud.

15       Plaintiff further argues that the arbitration award should be vacated because the
16 Panel's decision to issue a sanction dismissing his claim with prejudice was "draconian"
17 and an abuse of the Panel's discretion that ultimately prevented Plaintiff from enforcing
18 his claim. (MTV at 12-13 (citing 9 U.S.C. § 10(a)(3)).) Plaintiff also argues that the
19 arbitration award should be vacated because the Panel had no authority to dismiss his
20 claims with prejudice. (*Id.* at 13-14 (citing 9 U.S.C. § 10(a)(4)).)  In support of these
21 arguments, Plaintiff claims that the Panel violated the FINRA Code because he received
22 "no warning" that the Panel was going to impose sanctions and dismiss his claim with
23 prejudice. (*Id.* at 15 (citing FINRA Code Sections 1211(b), 12512(c)).)

---

[2] Although Plaintiff cites to 9 U.S.C. § 10(a)(2), he does not develop an argument that the Panel or individual arbitrators acted with "evident partiality." (*See* MTA at 12.) To vacate the award for evident partiality, Plaintiff would have to "establish specific facts which indicate improper motives on the part of the [arbitrators]. The appearance of impropriety, standing alone, is insufficient." *Sheet Metal Workers Int'l Assoc. Local Union #420 v. Kinney Air Conditioning Co.*, 756 F.2d 742, 746 (9th Cir. 1985). To the extent Plaintiff's Motion relies on this ground for vacatur, the Court will deny the Motion because Plaintiff has not offered any evidence or facts that would allow the Court to determine the arbitrators acted with evident partiality.

Plaintiff has failed to offer any evidence demonstrating that the Panel was guilty of misconduct, engaged in any misbehavior that prejudiced Plaintiff's rights, or exceeded its authority by dismissing Plaintiff's claims with prejudice. The evidence demonstrates that Plaintiff had notice of Defendant's discovery requests. It also shows that the Panel afforded Plaintiff sufficient opportunity to comply with Defendant's discovery requests before dismissing his claims with prejudice, pursuant to the FINRA Code. Such evidence fails to demonstrate any misconduct on the part of the Panel or that the Panel exceeded its authority. *See Schoenduve*, 442 F.3d at 731 ("[A]rbitrators exceed their powers . . . the award is completely irrational, or exhibits a manifest disregard of law.") The Court will deny Plaintiff's motion to vacate the arbitration award based on any Panel misconduct or the Panel exceeding its authority.

### III. CONCLUSION

The Court concludes that Plaintiff has failed to establish any grounds for vacating the arbitration award and, therefore, the Court denies Plaintiff's Motion. Because the award is not subject to vacatur, the Court will grant Defendant's Cross-Motion to Confirm Arbitration Award. *See* 9 U.S.C. § 9.[3]

**IT IS ORDERED** denying Plaintiff's Amended Motion to Vacate Award and Motion to Compel Defendant's Performance (Doc. 9).

**IT IS FURTHER ORDERED** granting Defendant's Cross-Motion to Confirm Arbitration Award (Doc. 10).

/ / /

/ / /

/ / /

/ / /

---

[3] Defendant has moved to strike a filing titled, "Petitioner Submits a Document which Shows that Respondent Cannot Have the Shares and that FINRA Arbitration Could Not Grant the Relief Being Sought," (Docs. 13 and 13-1) that Plaintiff submitted after the parties fully briefed the pending motions. (*See* Doc. 15, Def.'s Mot. to Strike at 1-3). The resolution of the motion to strike is unnecessary given the disposition of this matter.

1    **IT IS FURTHER ORDERED** denying as moot Defendant's Motion to Strike
2    (Doc. 15).

                                        Dated this 28th day of April, 2015.

*[Signature: Susan R. Bolton]*

Susan R. Bolton
United States District Judge